<div style="float:right">COMMONWEALTH<br>vs<br>LEIGHT.</div>

Wherefore, the judgment is reversed, and the cause remanded for a new trial, on principles consistent with this opinion.

*Hewitt* for plaintiff: *Cates & Lindsey* for defendant.

---

## Commonwealth *vs* Leight.

### ERROR TO THE JEFFERSON CIRCUIT.

*Scire facias. Jurisdiction. Mayor of Louisville. City Judge of Louisville.*

CHIEF JUSTICE ROBERTSON delivered the Opinion of the Court.

SCI. FA.

*Case* 38.

*December* 11.

THE recognizance in this case does not, as assumed in argument, purport to have been acknowledged before the City Judge of Louisville, out of Court; and the plea shows that the recognizance was taken *in the City Court.*

The City Charter, (*Ses. Acts of* 1838,) in attempting to confer on the *Mayor* the judicial authority of two justices of the peace, "*in the commitment of criminals,*" intended, in our judgment, to invest him with authority to *recognize* as well as to *commit* persons charged with bailable offences.

By the statute of 1838, the Mayor of Louisville had the same authority to recognize or commit criminals as two justices of the peace in the county.

And, in our opinion, the 3rd sec. of the act of 1836, establishing "*a Police Court in the City of Louisville,*" which provides "that the *City Court* of Louisville shall "have the power, jurisdiction, and authority intended to "have been conferred on the *Mayor's Court* of Louis-"ville," should be construed as vesting in the City *Judge* all the *judicial* authority attempted to be given to the *Mayor,* whether in or out of Court.

By the act of 1836, 3rd sec. the City Judge of Louisville has the same authority, in and out of court, to recognize criminals, as the Mayor or two justices of the peace.

Consequently, it is our opinion that the *Police Judge* has, in and out of Court, the same power to commit and recognize criminals, as that possessed by two justices of the peace; and, of course, as the committing justices have authority, after the commitment of a prisoner by

them, to recognize and liberate him, the Judge of the Police Court of Louisville had, in this case, the same authority to recognize *Edwin Bull*, who had been committed by him for trial in the Circuit Court of Jefferson, on a charge of felony.

If it be admitted that, according to a proper interpretation of the act of 1821, (1 *Stat. Law*, 777,) this power should not be deemed to exist when the Circuit Judge is in the county of Jefferson: still, as the Judge of the City Court had jurisdiction, and exercised it in this case, it is but reasonable to presume that his act was proper, unless the contrary had appeared by proof of the extraneous fact, which might have suspended his authority. And therefore, *prima facie*, the recognizance should not be deemed void for want of authority to take it.

The 2nd section of the act of 1821 is merely directory, and a recognizance taken before the committing justices is valid; though the circuit judge be in the county.

But we are of the opinion that the 2nd section of the act of 1821, which requires the officer to return a writ of *habeas corpus* before the committing justices, or those appointed to grant injunctions, &c. whenever the Circuit Judge is not in the county, is not only merely directory, but does not imply that the committing justices would have no legal authority to take a recognizance when the Circuit Judge *happens* to be in the county. Such a construction of the section would be unreasonable, inconvenient, and often productive of absurd and injurious consequences. *Ready* vs *The Commonwealth*, (9th *Dana*, 38.)

Having thus cursorily noticed all the objections to the *recognizance and scire facias*, in this case, which we deem worthy of any consideration, and finding no one of them sustainable, it is therefore considered by this Court that the Circuit Judge erred in sustaining the demurrer, and that, consequently, the judgment is reversed and the case remanded with instructions to overrule the said demurrer.

*Cates*, Atto. Gen. for pl'tf. *Pirtle and Speed* for def't.

PETITION FOR A RE-HEARING.

(By Mr. Pirtle.)

THE defendant respectfully asks the Court for a re-hearing in this case.

It may be admitted that the City Court had power to re-call the party committed and take the recognizance, but if so, the fact that the party stood charged before that Court, ought still to appear on the recognizance. It ought to appear on the recognizance, that the Commonwealth had a right to demand the bail of the party, and that the bail was demanded by the proper authority representing the Commonwealth.

Although the act of 1836 (Session acts, 280,) gives the "power, jurisdiction, and authority intended to have been conferred on the Mayor's Court of Louisville," to the "City Court of Louisville," there is no power given to the *Judge* of the Court, out of Court, to perform the same duties pretended to have been required of the Mayor. All the acts of that Judge are contemplated to be done *in Court*. A court of *record* was erected in place of the Mayor; a clerk was to be appointed, and "the City Court of Louisville shall be a court of record," says the act. The 9th section of the act says, "that the City Court of Louisville, so far as it is a Police Court, and Court of Inquiry, shall be always open for the hearing and determining such cases as a single Judge, by the constitution and the laws of the state, may hear and determine, without the intervention of a grand or petit jury; and said Court may make such reasonable rules and regulations, for the speedy hearing and determination of all such cases, as to afford reasonable notice to the parties, and a prompt administration of justice." Now, all this shows that it was intended to confer the power on the "Court" and not upon the Judge of the Court.

This recognizance shows that it was executed, not in Court, but before the Judge, somewhere in the county; and in the county, and over offences committed in the

COMMONWEALTH    county, the Court or Judge has no jurisdiction.   It reads,
    *vs*         "*Jefferson County, Sct:* Be it remembered, that Edwin
LEIGHT.         Bull and Daniel B. Leight, this day personally appeared
                before John Joyes, Judge of the City Court of Louisville,"
&c. and it is witnessed thus: "acknowledged before me this 7th day of June, 1839.  *J. Joyes,* J. C. C. L."

But the opinion says, the plea shows that the recognizance was taken in the City Court.   That the plea shows this, makes no difference as to the question on the demurrer.   It has been thought, that as the defendant might demur and plead divers matters at the same time, every demurrer and plea would have to stand for itself, and although the pleas, whether of law or fact, might be inconsistent with each other, they were not affected by any such inconsistency.   It is thought the Court did not mean to say that the judgment on a demurrer will be governed by a plea which may be found in the record and which may be withdrawn at any time.

The recognizance does not show that the party was *charged* with any offence, either before the Judge, out of Court, somewhere in Jefferson County, where he had no jurisdiction, or in the City Court of Louisville, or any where else.   What can authorize any Judge or tribunal to demand bail to answer the Commonwealth, but a charge of some offence against the Commonwealth?   If this recognizance be good, then persons, whom no man hath accused, may be required by the Judge to give bail or go to prison, and a demurrer will not be sustained to a recognizance which states, in such a case, nothing but the truth.   The statute of 1809, (1 *Stat. Law,* 199,) which gives the form of a recognizance, in such cases, uses the necessary declaration to show the power in the officers of the government to infringe the liberty of the citizen—"surrender himself in custody, to answer to the Commonwealth for a felony, *with which he stands charged before us.*"

But this recognizance requires the party to answer nothing.   It is to "surrender himself in custody, and not depart, without the leave of said Court, *and a charge of felony,* and not depart without the leave of said Court."   The Court may have thought that in the transcript some

word was left out, and that the recognizance, in truth, read, "and answer a charge," or "answer the Commonwealth on a charge," &c. but there is no mistake in the transcript. There is, then, no such covenant or condition as is set forth in the *scire facias,* and for this the demurrer ought to have been sustained. There was a variance, and the recognizance was worthless, at any rate. 1 *Dana*, 523, *Simpson* vs *Commonwealth.*

The Court cannot supply the *hiatus* in this recognizance; it might as well be supplied with "testify in," as "answer to." If it be not good for this defect, then all question about the mode of taking, &c. is out of the case, and the demurrer was rightfully sustained.

<div align="right">PIRTLE.</div>

### RESPONSE.

"And not depart without leave of the Court," is, through inadvertence, either improperly copied or unnecessarily inserted, originally, in the recognizance. And striking out one of these insertions, or transposing one of them, the recognizance reads: "And to be void, on the "said E. Bull, personally appearing in the Circuit Court "of Jefferson County, on the 1st Monday in July next, "and then and there surrender himself in custody, *und* "a charge of felony," which *we* understand to mean *under* a charge of felony.

Petition overruled.